Hunnewell, Hill & Co. *v.* W. W. Scarborough, et al.

1. A conveyance, in trust, executed in form of a mortgage, made to one creditor to secure the specific claims of all the assenting creditors, and with the consent of all the creditors except one, is an assignment in trust to prefer certain creditors, and will be held to inure to the benefit of all.

2. A creditor is not bound to submit to the burden of an extension of time, as the price of participating in the benefits of an assignment, even though all the other creditors consent to an extension as a matter of mutual convenience and advantage.

3. The object of the assignment law is to prevent failing debtors from appointing trustees to manage their estates, over whom they could in any wise exercise a control for their own benefit, to the exclusion of any one creditor.

Special Term.—The facts in this case, as they appear from the pleadings and evidence, are these: In March, 1852, P. E. & G. P. Tuttle, proprietors of the Woodruff House, being in insolvent circumstances, were desirous of getting an extension from their creditors, and accordingly proposed to give them all a mortgage upon their furniture in the Woodruff House, upon getting an extension of one and two years. A portion of the creditors consented and a portion refused; among the latter of whom were the plaintiffs. It was originally designed that a joint mortgage should be made to all the consenting creditors, covering their respective claims, but at a meeting of those creditors, it was agreed that a conveyance should be made to Scarborough, as trustee, conditioned

to become void on payment, by P. E. & G. P. Tuttle, of the respective amounts due to the several creditors; and thereupon, on March 29, 1852, the Tuttles did execute to Scarborough a conveyance of said property, to have and to hold the same subject to this condition: " that if the said Tuttles shall well and truly pay, in one and two years, the sums following, to the persons whose names are thereto appended, agreeably to the tenor and effect of notes calling for those amounts, and payable to the persons aforesaid in one and two years from the date hereof, then the foregoing sale and transfer shall be null and void." Then follows a schedule containing the names of the creditors, with the amounts to be paid each.   Scarborough, to whom this conveyance was made, was one of those creditors under the name of Springer & Whiteman.   The plaintiffs, at the date of this mortgage, held a claim against the Tuttles of some $1,700 and upward, for queensware furnished the house, upon which they recovered a judgment at the January term, 1853, of the court of common pleas, for $1,782.32, and costs, upon which execution was issued, and returned " no property, etc."   At and before the execution of the mortgage, it was proposed to them, on the part of the Tuttles, to become parties to the mortgage, but they declined to give the extension asked, and so their names were omitted.

*Fox & French*, for plaintiffs.

*Bates & Scarborough, Zinn & Bateman*, and *Edward Woodruff*, for defendants.

SPENCER, J. In this case, we entertain no doubt upon the following matters of fact:

1. That the conveyance thus made by the Tuttles was made by them in contemplation of insolvency; and

2. That it was made with the design of preferring such of the creditors of the Tuttles, as would give the extension required by them, to the exclusion of others, who would not.

The only question to be determined is, whether the con-

veyance falls within the class of assignments in trust, made by a debtor in failing circumstances. The language of the act in relation to voluntary assignments, is as follows:

"All assignments of property, in trust, which shall be made by debtors to trustees in contemplation of insolvency, with the design to prefer one or more creditors to the exclusion of others, shall be held to inure to the benefit of all the creditors, in proportion to their respective demands." 3 Curwen, §2239. .

So far as the mere form of the instrument is concerned, it has been decided that a mortgage, in trust, is an assignment in trust within the purview of this act; 4 Ohio St. 602, *Harkrader* v. *Leiby.* So, in the same case, it was held, that whenever a trust was created, by which one creditor, or other person, held the property for the benefit of any other creditor, so that such creditor could compel him to account in any wise for its proceeds, the statute makes the trust inure to the benefit of all, and distributes the fund among all alike; 4 Ohio St. 613.

It is said, however, that the statute can not, in principle, apply to the present case, because the trust was created, with the consent of the creditors, and for their mutual convenience, to avoid the trouble incident to a direct conveyance to the creditors in person. I do not perceive how the case is affected by this consideration. The object of the law was to prevent failing debtors from appointing trustees to manage their estates, over whom they could in any wise exercise a control for their own benefit, to the exclusion of any creditors. It allows a debtor to dispose of his property to a creditor, in payment, or by way of security, but not to create a trust for that purpose. In the former case, there is an absolute payment to the creditor, or a mere lien created in his favor. In the latter, the debtor parts with his interest in the property so as to absolve it from execution, and yet leaves him a controlling interest in it. Beside this, if it were allowed to interpose trustees in such cases, for the benefit of creditors, great abuses must inevitably arise; pretexts would always be

found for suggesting such arrangements on the part of the preferred creditors, and thus combinations would be formed among creditors, as in the present case, to extend advantages to the debtor, by the giving of time, or releasing part of his debts, on condition of receiving all his property, by way of security, and thus effectually exclude other creditors, whose dispositions or ability might not allow them to extend the same advantage. And this answers another suggestion made on the part of the defendants, which is, that the plaintiffs should not complain of the preference extended to others, since the same preference was offered to them, and refused. But the plaintiffs were not bound to submit to a burthensome exaction on the part of the Tuttles, as the price of participating in the benefits of the assignment.

On the whole case, I am of opinion that the plaintiffs are entitled to an account of this trust fund, and to participate, with the other creditors of the Tuttles, in its benefits.

Judgment accordingly.